MILLER & LICH, Plaintiffs in Error, *v.* HUMMITSCH *et als.*, Defendants in Error.

*Fraud.*—The court below having found in favor of defendants as to the question of fraud, judgment affirmed.

*Error to St. Louis Land Court.*

*Glover & Shepley, Kribben & Kehr,* for plaintiffs in error.

*Lackland, Cline & Jamison,* for defendants in error.

DRYDEN, Judge, delivered the opinion of the court.

The plaintiffs being the purchasers of the property in controversy, viz., lot 15 in Riley's addition to the city of St. Louis, under a junior deed of trust made by the defendant Andreas F. Hummitsch, instituted this suit to set aside a sale of the same property made to the defendant Evans, under an older trust created by said Hummitsch.

The substantial grounds for relief alleged in the petition are, first, that the sale sought to be set aside was brought about and procured by the fraudulent practices of the defendant Andreas F. Hummitsch, in collusion with his co-de-

fendants, with intent to deprive the plaintiffs of the property, and to have it secured to his wife, the defendant Rachel; and, second, that the trustee sold the property in the lump, and so selling, sacrificed it. The case was tried by the Land Court without a jury, and the issues were found for the defendants and judgment followed accordingly, and the plaintiffs have brought the case here by writ of error.

The record contains a large mass of testimony, the detail of which here would subserve no useful purpose. No question of law was raised by the plaintiffs on the trial; in the introduction of the evidence they met with a liberal indul-. gence at the hands of the court. The real question for the court was as to the sufficiency of the testimony to produce conviction in the mind of the truth of the allegations necessary, to a recovery. We have given the evidence, as well as the points presented in argument, a careful consideration; and, upon the whole, we find no reason to disturb either the finding or judgment of the Land Court.

The evidence shows in the sale of the defendants, a reasonable compliance by the trustee with the requirements of the trust deed preliminary to the sale, and the proof falls short of establishing any fraud in the transaction; and more especially does it fail in connecting the purchaser with the supposed fraudulent intent. And as to the point that the sale was in the lump, while the evidence shows the property was worth greatly more than the sum it sold for, yet there was nothing to show that the price would have been increased by a sale in parcels. Encumbered as the property was by various liens and trusts, the subdivision of it into parcels would likely have led to new complications of the title, and would probably have tended rather to deter than encourage bidding.

Let the judgment be affirmed; the whole court concurring.